UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff<br><br>v.<br><br>**REAL PROPERTY KNOWN AS 17121 COLLINS AVENUE 4803 SUNNY ISLES BEACH, FL 33160**<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. C-18-CV-068 |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, represents:

NATURE OF ACTION

1. This is a civil forfeiture action <u>in</u> <u>rem</u> brought under: (a) 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960, or any property traceable to such property; (b) 18 U.S.C. § 981(a)(1)(B)(iii) which provides for the forfeiture of any property, real or personal, within the jurisdiction of the United States, constituting, derived from, or traceable to, any proceeds obtained directly or indirectly from an offense against a foreign nation, or any property used to facilitate such an offense, if the offense would be punishable under the laws of the United States by imprisonment for a term exceeding 1 year, if the act or activity constituting the offense had occurred within the jurisdiction of the United States; and (c) 18 U.S.C. §981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section

1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355. This court has *in rem* jurisdiction over Defendant Real Property under 28 U.S.C. § 1355(b) and §1355(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district. Further, Title 18 U.S.C. §981(h) provides that "in addition to venue provided in section 1395 of title 28 or any other provision of law, in the case of property of a defendant charged with a violation that is the basis for forfeiture of property under this section, a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property if found or in the judicial district in which the criminal prosecution is brought."

## DEFENDANT REAL PROPERTY

3.  The defendant is real property located at 17121 Collins Avenue #4803, Sunny Isles Beach, Florida 33160, with all appurtenances, improvements, and attachments thereon, legally described as:

Unit 4803 of Jade Ocean Condominium, according to the Declaration of Condominium thereof, as recorded April 6, 2009, in Official Records Book 26817, at Page 1453 of the Public Records of Miami-Dade County, Florida, as amended from time to time, together with an undivided interest in the common elements appurtenant thereto.,

which description is incorporated herein by reference and hereafter referred to as the "Defendant Real Property."

4.  The record owner of the Defendant Real Property is JADE OCEAN PENTHOUSE HOLDINGS, LLC, a Florida Limited Liability Company (hereinafter referred to as "JADE OCEAN PENTHOUSE").

## FACTS

5. Jose Manuel SAIZ-Pineda ("SAIZ-Pineda") was the Secretary of Administration and Finance for Tabasco from January 2007 through December 2012. Prior to his appointment as the Secretary of Administration and Finance, SAIZ-Pineda was employed at various companies in the private sector where worked alongside co-conspirator Martin Alberto MEDINA-Sonda ("MEDINA-Sonda"). During his tenure in the private sector, SAIZ-Pineda provided consultation to various states and municipalities in Mexico, affording him the opportunity to experience government service and become acquainted with the eventual Governor of Tabasco, Andres Granier Melo ("Granier"). Granier entered office as the Governor of the state of Tabasco in January 2007. SAIZ-Pineda assumed his government position as Secretary of Administration and Finance for the state of Tabasco at the same time and was appointed by Granier.

6. As the Secretary of Administration and Finance for the state of Tabasco, SAIZ-Pineda earned an annual salary of approximately $80,000 USD. The income for high-ranking state officials in Tabasco does not exceed $150,000 USD annual salary. For six years, at the highest pay grade of state government, the most income that SAIZ-Pineda could have legitimately earned would have been approximately $900,000 USD.

7. In late 2012, the federal prosecutor's office, Procuraduria General de la Republica ("PGR") of Mexico, and the Tabasco Attorney General's Office (Fiscalia General Del Estado "FGE") initiated an investigation regarding the state debt of Tabasco, which had risen to over one billion pesos (approximately $100 million USD) during the tenure of the Granier administration. According to the new administration, there are state funds that are unaccounted for that equal an equivalent of approximately $190 million USD.

9. SAIZ-Pineda, along with his co-conspirators, created offshore personal holding

3

companies, trusts, and domestic shell companies to facilitate entry of proceeds into the United States financial system. SAIZ-Pineda, along with his co-conspirators, used the shell companies to establish investment accounts at various financial institutions in the United States. Funds from the United Mexican States, as well as Singapore, were then transferred into the investment accounts in an attempt to legitimize proceeds derived from the theft of state funds from Tabasco.

10. Information in this investigation has been received as a result of a Mutual Legal Assistance Treaty (MLAT) from the state of Tabasco, as well as from various financial institutions, title companies, and open sources. Analysis of the information led to the discovery of the Defendant Real Property.

11. SAIZ-Pineda ended his government tenure as the Secretary of Finance and Administration on December 31, 2012. On May 22, 2013, approximately 88,560,134 Mexican pesos (approximately $8 million USD) was seized by Mexican authorities from a residence associated with Marlis Cupil-Lopez, the former secretary of SAIZ-Pineda. This seizure led to the execution of a search warrant at the office of SAIZ-Pineda, located at Sanchez Magallanes #1113, Villahermosa, Tabasco, where authorities subsequently seized documentation corroborating the money laundering scheme.

12. On May 30, 2013, the U.S. visas of SAIZ-Pineda and Granier were revoked at the request of Mexican authorities due to flight risk regarding their ongoing investigation. On June 8, 2013, SAIZ-Pineda was stopped at the Pharr, Texas Port of Entry by the Department of Homeland Security. SAIZ-Pineda was denied entry into the United States and returned to Mexico, where he was arrested by Mexican authorities and charged with illegal enrichment.

13. On June 11, 2013, the U.S. visa of Silvia Beatriz PEREZ-Ceballos ("PEREZ-Ceballos"), the wife of SAIZ-Pineda, was revoked at the request of Mexican authorities, and SAIZ-Pineda was publically implicated in the public corruption investigation being conducted by

the state of Tabasco.  On or about June 24, 2013, Granier was taken into custody on charges of money laundering and tax evasion.

14. In October 2014, MEDINA-Sonda was arrested in Quintana Roo, Mexico, on charges of kidnapping his three minor children.  While incarcerated, in December of 2014, MEDINA-Sonda was additionally charged by Mexican authorities with money laundering stemming from a money seizure that occurred in November of 2007 and was convicted of the money laundering charges in April 2017 and sentenced to 12 years imprisonment.  MEDINA-Sonda is also alleged to have plotted the murder of his former wife in March of 2017.  To date, both SAIZ-Pineda and Granier remain incarcerated in Tabasco while awaiting adjudication.

15. Defendant Real Property was purchased during and in furtherance of the money laundering scheme.  SAIZ-Pineda and MEDINA-Sonda purchased Defendant Real Property, valued at approximately $7.6 million USC utilizing holding companies to hide their illegal activity.  Eventually, limited liability companies were created in the state of Florida to assume the ownership of Defendant Real Property.  The purchase was finalized by fourteen wire transfers conducted from November, 2009 through January, 2010. The wire transfers were conducted as follows:

    (1) 11/09/2009 - $1,520,000.00 USC from First American Title account.
    (2) 11/24/2009 - $200,000.00 USC from Amazing Real Estate, S.A. de C.V.
    (3) 11/24/2009 - $1 million USC from Amazing Real Estate, S.A. de C.V.
    (4) 11/24/2009 - $900,000.00 USC from Amazing Real Estate, S.A. de C.V.
    (5) 11/30/2009 - $1 million USC from Amazing Real Estate, S.A. de C.V.
    (6) 12/03/2009 - $760,000.00 USC from Amazing Real Estate, S.A. de C.V.
    (7) 12/04/2009 - $520,000.00 USC from Amazing Real Estate, S.A. de C.V.
    (8) 12/09/2009 - $187,720.00 USC from Amazing Real Estate, S.A. de C.V.
    (9) 12/15/2009 - $600,000.00 USC from Amazing Real Estate, S.A. de C.V.
    (10) 12/28/2009 - $231,303.01 USC from Amazing Real Estate, S.A. de C.V.
    (11) 12/29/2009 - $230,769.23 USC from Amazing Real Estate, S.A. de C.V.
    (12) 12/31/2009 - $358,900.00 USC from Amazing Real Estate, S.A. de C.V.
    (13) 12/31/2009 - $79,684.47 USC from Amazing Real Estate, S.A. de C.V.
    (14) 01/11/2010 - $199,345.29 USC from Amazing Real Estate, S.A. de C.V.

16.     AMAZING REAL ESTATE S.A. de C.V. is the same Mexican company utilized by SAIZ-Pineda to transfer funds towards the purchase of another real property located in the same building as Defendant Real Property in Sunny Isles Beach, Florida.  The incoming international wire transfers for that real property occurred in April, 2009, and totaled $655,000 USC.

16.     On August 19, 2009, JADE OCEAN PENTHOUSE HOLDINGS LLC was established in the State of Florida.  The Manager was listed as JEC HOLDINGS LLC in Miami, Florida. JEC HOLDINGS LLC is a Delaware-based limited liability corporation incorporated on September 17, 2008, with MEDINA-Sonda listed as Manager.  Angel GONZALEZ-Monterrubio was later added as an additional manager.

17.     On August 20, 2009, Angel GONZALEZ-Monterrubio, acting on behalf of JADE OCEAN PENTHOUSE HOLDINGS LLC, entered into contract on Defendant Real Property.  The buyer was listed as JADE OCEAN PENTHOUSE HOLDINGS LLC, with Angel GONZALEZ-Monterrubio listed as the authorized representative.  The address of the buyer was listed in Bay Harbor, Florida.  The purchase agreement listed the sale price as $7,600,000.00 USC.

18.     Between November 9, 2009 and January 11, 2010, approximately $7,787,722.00 USC was transferred into the escrow account for the purchase of Defendant Real Property.  The actual closing occurred on November 30, 2009; however, residual deposits were made into the account on behalf of JADE OCEAN PENTHOUSE HOLDINGS LLC.  With the exception of first deposit, which originated from an account held by First American Title, the remaining thirteen deposits originated from Amazing Real Estate S.A. de C.V.

19.     The HUD Settlement Statement for Defendant Real Property evidences an all cash transaction, with the total amount due from purchaser as $6,284,179.03 USC, with $7,790,796.89 USC as the final sale price.

20. On September 16, 2010, almost one year after the final purchase of the residence, an amendment to the articles of the JADE OCEAN PENTHOUSE HOLDINGS LLC was filed. The name JADE OCEAN PENTHOUSE HOLDINGS LLC was changed to GLADIATOR INTERNATIONAL LLC. The principle office and mailing address remained the same.

21. The purchase of the JADE OCEAN PENTHOUSE property mirrors the purchases of a properties purchased by SAIZ-Pineda and MEDINA-Sonda in New York and another in Miami, Florida. Those purchases were finalized in February of 2009 and April of 2009, respectively. MEDINA-Sonda inserted Angel GONZALEZ-Monterrubio into JEC HOLDINGS LLC. The holding company, JADE OCEAN PENTHOUSE HOLDINGS LLC, was created to become the owner of the property. After the property was purchased, the name of the holding company was later changed to GLADIATOR INTERNATIONAL LLC. SAIZ-Pineda and MEDINA-Sonda created layer upon layer in an effort to mask the true ownership of the residences, just as they have done here with the purchase of the Defendant Real Property.

22. As noted above, the purchase of the Defendant Real Property was initiated in August, 2009, and was quickly finalized in November, 2009. As mentioned above, during the time period immediately prior to the purchase of the Defendant Real Property, SAIZ-Pineda also completed the purchase of a residence located in New York and Miami. It is significant to note that these aforementioned real property purchases were finalized as cash transactions. This investigation has revealed the purchase of seven real properties, all conducted as cash transactions, totaling approximately $30 million USC, while SAIZ-Pineda held public office. During his government tenure, SAIZ-Pineda was required to file annual wealth and asset declarations for the state of Tabasco, which includes the requirement to declare assets owned internationally. In those annual filings, SAIZ-Pineda did not disclose the ownership of any of the aforementioned properties, to include the Defendant Real Property.

23. On April 26, 2017, a federal grand jury in the Southern District of Texas, Corpus Christi, Texas, returned a true bill indictment for SAIZ-Pineda, Silvia PEREZ-Ceballos (the wife of SAIZ-Pineda), and MEDINA-Sonda. They were charged in a two-count indictment with a money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) and a bank fraud conspiracy, in violation of Title 18, United States Code, Sections 1344 and 1349. In addition to the criminal indictment, criminal forfeiture included seven real properties, to include the Defendant Real Property, six financial accounts, and a personal money judgment for $50 million USD. In October 2017, PEREZ-Ceballos was convicted of a bank fraud conspiracy after a federal jury trial. SAIZ-Pineda and MEDINA-SONDA remain in custody in Mexico.

24. During the jury trial in PEREZ-Ceballos case, multiple witnesses testified that Defendant Real Property belongs to SAIZ-Pineda.

30. Also during the jury trial of PEREZ-Ceballos, LATOUR identified his role as the "wallet" in the money laundering scheme of SAIZ-Pineda. LATOUR explained that he was responsible for paying expenses through the use of shell companies so that the names of SAIZ-Pineda and PEREZ-Ceballos would not appear on documentation. LATOUR testified that he acted as the "wallet" for multiple real property transactions, including Defendant Real Property, and numerous other expenses on behalf of SAIZ-Pineda and PEREZ-Ceballos. These transactions occurred during the government tenure of SAIZ-Pineda and continued even after the arrest of SAIZ-Pineda by Mexican authorities. LATOUR testified that after the arrest of SAIZ-Pineda, LATOUR continued to hide assets for SAIZ-Pineda, including millions of dollars in personal assets and real properties. LATOUR also sent multiple bulk cash deliveries to Houston, Texas, for the benefit of PEREZ-Ceballos after the arrest of SAIZ-Pineda.

31. To date, Defendant Real Property continues to be held in the name of JADE OCEAN PENTHOUSE HOLDINGS LLC.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Real Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claims must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture be entered against the Defendant Real Property in favor of the United States of America and for such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: s/ Julie K. Hampton
JULIE K. HAMPTON
Assistant United States Attorney
State Bar No. 24032269
Federal Bar No. 431286
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, Texas 78401
(361) 888-3111

## VERIFICATION

I, Patricia Trevino, a special agent with Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture in Rem are true and correct to the best of my knowledge and belief.

_____
Patricia Trevino
Special Agent, DEA

Sworn and subscribed before me, the undersigned authority, on this <u>7th</u> day of <u>March</u>, 2018.

_____
Notary Public in and for the State of Texas

My commission expires:
9-25-2020

[Notary seal: PENNY FOLLODER - ID #12667243-6, NOTARY PUBLIC, STATE OF TEXAS, EXPIRES 09-25-2020]

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Verified Complaint for Forfeiture In Rem was mailed via certified mail, return receipt requested to:

1. JOSE MANUEL SAIZ-PINEDA, via Mutual Legal Assistance Treaty request, through the Department of Justice-Office of International Affairs. Also sending notice to attorney Andres Sanchez, attorney for Jose Manuel SAIZ-Pineda, Parker & Sanchez, PLLC, 712 Main Street, Suite 1600, Houston, Texas 77002.
2. MARTIN ALBERTO MEDINA-SONDA, via Mutual Legal Assistance Treaty request, through the Department of Justice-Office of International Affairs.
3. SILVIA BEATRIZ PEREZ-CEBALLOS, through attorney F. Andino Reynal, The Esperson Building, 808 Travis, Suite 1553, Houston, Texas 77002.
4. Celso Perez-Ceballos, 2706 Lytham, Sugarland, Texas 77479.
5. Jose Latour, though attorney Mark Shapiro, 1 SE 3rd Avenue #28, Miami, FL 33131.
6. Gladiator International, LLC, c/o Jose Latour, though attorney Mark Shapiro, 1 SE 3rd Avenue #28, Miami, FL 33131.
7. JADE OCEAN PENTHOUSE HOLDINGS, LLC, c/o Jose Latour, though attorney Mark Shapiro, 1 SE 3rd Avenue #28, Miami, FL 33131.
8. Fernando Saiz-Pineda, through attorney Charles Medlin, 2211 Norfolk St., Ste. 735, Houston, Texas 77098.

on this the 7th day of March, 2018.

                                        s/ Julie K. Hampton
                                        JULIE K. HAMPTON
                                        Assistant United States Attorney